UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUMMONS ISSUED

-------------------------------------------------------------x

CATHERINE COX,

                              Plaintiff,

           -v-

KEVIN P. McKERNAN ESQ., PATRICK C.
GATINS, ESQ. and McKERNAN & GATINS,

                              Defendants.

-------------------------------------------------------------x

No. 5980

ECF Case

COMPLAINT

VITALIANO, J.

AZRACK, M.J.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 07 2011 ★
BROOKLYN OFFICE

Plaintiff Catherine Cox ("Plaintiff"), by her undersigned attorneys, for her complaint against defendants Kevin P. McKernan, Esq. ("McKernan"), Patrick C. Gatins, Esq. ("Gatins") and McKernan & Gatins ("M&G" and, collectively, "Defendants"), alleges as follows:

## INTRODUCTION

1. Plaintiff retained Defendants, two members of the New York bar and their law firm, to represent her in a personal injury claim arising from a slip and fall accident that occurred at Port Richmond High School in March 1993 (the "Accident").

2. Although a notice of claim was timely filed against both the City of New York (the "City") and the Board (now the Department) of Education of the City of New York (the "Board of Education") in May 1993, when Defendants commenced an action on Plaintiff's behalf in Richmond County Supreme Court June 1994, Defendants named only the City as a defendant.

3. After commencing the action, Defendants did virtually nothing to prosecute the case for almost 14 years, until February 2008, when they filed a request for judicial intervention to request a preliminary conference.

4. Following the preliminary conference, the City moved to dismiss the action on the ground that, since the Accident occurred on property belonging to the Board of Education, the City was not a proper defendant in the action.

5. The Richmond County Supreme Court (Hon. Thomas P. Aliotta) granted the City's motion to dismiss the complaint, holding that the City and the Board of Education were separate legal entities, and that Plaintiff's complaint failed to state a claim against the City.

6. By the time the case against the City was dismissed, the statute of limitation on Plaintiff's claims against the Board of Education had long since expired. Plaintiff now brings this action for legal malpractice against Defendants to recover damages equal to the value of the claim she lost against the Board of Education due to Defendants' misconduct and neglect.

## PARTIES

7. Plaintiff is an individual residing at 521 Ocean Avenue, Unit 19, Avon by the Sea, New Jersey.

7. Upon information and belief, McKernan is a resident of New York, licensed to practice law in New York, and maintains an office at 7247 Amboy Road, Staten Island, New York.

2

8.  Upon information and belief, Gatins is a resident of New York, licensed to practice law in New York, and maintains an office at 27 Jaffe Street, Staten Island, New York.

9.  Upon information and belief, M&G is a New York partnership engaged in the practice of law with an office at 7247 Amboy Road, Staten Island, New York.

10. Upon information and belief, McKernan and Gatins are partners in M&G and/or currently operate one or more law firms that are the direct successors in interest to M&G.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) insofar as Plaintiff and Defendants are citizens of different States and the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

12. This Court has personal jurisdiction over Defendants in this action pursuant to N.Y. C.P.L.R § 301 because Defendants reside and/or do business within the State of New York.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because (i) Defendants reside, in this judicial district; and/or (ii) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS ALLEGED

### Plaintiff's Background

11. Prior to the Accident, Plaintiff was in good physical health.

12. At the time of the Accident, Plaintiff was employed as a health and physical education teacher at Port Richmond High School in Staten Island, New York and was the coach of the boys' tennis team.

13. As part of her job, Plaintiff was required to participate in sports and other physical activities.

14. Plaintiff also regularly played sports outside of her job, including golf, volleyball, softball and tennis, and engaged in numerous other physical activities, including housework.

### Plaintiff's Accident and Injury

15. On the night of March 12, 1993, Plaintiff was a participant in a faculty basketball game sponsored by Port Richmond High School to raise money for a scholarship fund.

16. The game was held with the permission and approval of Port Richmond High School.

17. The game was held in the boys' gymnasium, which had recently been renovated.

18. Prior to the game, the school and its employees were on notice that, after the renovation was completed, conditions in the gymnasium frequently caused the floor to become slippery.

19. While participating in the game, Plaintiff slipped on the floor and fell to the ground.

20. As a result of the floor, Plaintiff fractured her wrist and was taken to the hospital emergency room for treatment.

21. Plaintiff broke her wrist as a result of the fall.

22. Plaintiff suffered steady pain and discomfort due to her broken wrist.

23. For months following the Accident, Plaintiff was unable to participate in sports or engage in other physical activities both inside and outside her job.

24. To this day, Plaintiff has limited motion and constant numbness in her wrist, symptoms indicative of carpal tunnel syndrome and a post distal radius fracture.

25. Plaintiff cannot enjoy or engaged in many physical activities to the extent that she was able to before her Accident.

## Plaintiffs' Retention of Defendants

26. Following her Accident, Plaintiff consulted with a lawyer by the name of Paul F. Scano, Esq. about the possibility of bringing a lawsuit to recover damages for her injury.

27. On May 14, 1993, Mr. Scano filed a Notice of Claim against the City *and* the Board of Education.

28. Although he filed a Notice of Claim, Mr. Scano did not file a lawsuit on Plaintiff's behalf.

29. On or about June 3, 1994, Plaintiff met with Defendants to discuss having them represent her in a personal injury lawsuit arising from her Accident.

30. During the meeting, Defendants held themselves out as competent and capable of handling her claim and representing her interests.

31. On or about June 3, 1994, Plaintiff entered into a written retainer agreement with M&G under which Defendants agreed to represent her in a lawsuit arising out of her Accident in return for a one-third contingency fee of any sum they recovered on Plaintiff's behalf.

32. The retainer agreement stated that Defendants would represent Plaintiff's interest in seeking to recover damages on Plaintiff's behalf arising from "the negligence of New York City Board of Education, and/or others."

### The Commencement of the Lawsuit

33. Defendants drafted a verified summons and complaint, which they then filed on or about June 9, 1994 in Richmond County Supreme Court, where it was assigned Index No. 11952/1994.

34. Although Mr. Scano had filed a Notice of Claim against both the City of New York and the Board of Education, and the retainer agreement stated that Defendants would pursue a claim on Plaintiff's behalf against the Board of Education, the summons and complaint did not name the Board of Education as a defendant, but only named the City as a defendant.

35. Defendants arranged to serve the City through the office of the Corporation Counsel on June 9, 1994.

36. The City served its verified answer to the complaint on about June 29, 1994.

### Defendants Fail To Investigate or Prosecute Plaintiff's Case

37. After the City filed and served its answer, Defendants did virtually nothing to prosecute Plaintiff's case *for almost 14 years.*

38. Upon information and belief, from the time Defendants were retained, Defendants failed to conduct any discovery or take any steps to investigate the facts surrounding Plaintiff's claims.

39. During this time, Plaintiff repeatedly attempted to contact Defendants to find out about her case and what was taking so long, and was repeatedly assured that everything was fine.

40. In truth, everything was not fine and Plaintiff's case was constantly being shoved onto the back burner.

41. As an example of Defendants' ongoing and continuous neglect of Plaintiff's case, Defendants did not file a Request for Judicial Intervention to schedule a preliminary conference until February 2008, and a preliminary conference was not held until April 1, 2008, *almost 14 years after issue had been joined.*

### Plaintiff's Case Is Dismissed Because It Was Filed Against the Wrong Party

42. Following the preliminary conference, but before discovery could proceed, the City moved to dismiss the action on the ground that the complaint did not state a claim against the City.

43. Specifically, the City's motion asserted that, because Plaintiff's Accident occurred at a public high school belonging to the Board (now the Department)

of Education, Plaintiff's claims should have been brought against the Board of Education, and not the City, which is a separate legal entity.

44. In a Decision and Order, dated November 26 and entered on December 8, 2008, Hon. Thomas P. Aliotta of the Richmond County Supreme Court granted the City's motion to dismiss, holding that, at the time Defendants commenced this lawsuit on Plaintiff's behalf in 1994, "the law was well established that the City of New York and the New York City Board of Education were separate and distinct jural entities," and that "[s]ince the City is not a proper party, the pleading fails to state a cause of action against it, and the complaint must be dismissed."

45. By the time of the decision, the statute of limitations on Plaintiff's claim against the Board of Education had long since expired.

46. Throughout 2009 and early 2010, Plaintiff attempted to contact Defendants on numerous occasions to find out the status of her case.

47. On May 17, 2010, McKernan sent Plaintiff a letter enclosing a copy of another letter that McKernan claims he sent to Plaintiff of January 16, 2009.

48. McKernan's January 16, 2009, which Plaintiff did not receive until shortly after May 17, 2010, informed Plaintiff that her case had been dismissed because "the Court felt the wrong party had been sued."

49. McKernan's January 16, 2009 letter further stated that he had "contacted Patrick Gatins . . . to find out why he brought suit against the City in this matter, not the Board of Education, but he has failed to respond."

50. Following receipt of this McKernan's May 17, 2010 letter, Plaintiff contacted McKernan on numerous occasions over several months to attempt to retrieve her file, but McKernan failed to respond to her requests.

51. Finally, on or about October 11, 2011, McKernan released the file to Plaintiff.

52. Accompanying Plaintiff's file was a cover letter, dated October 11, 2011, in which McKernan tried to shift blame for Defendants having sued the wrong party to Mr. Scano by stating falsely that the "Notice of Claim was filed by Mr. Scano against the City of New York and not the Board of Education" in 1993, and that Defendants sued the City rather than the Board of Education because they were "bound by the Notice of Claim."

## AS AND FOR A FIRST CAUSE OF ACTION
(Legal Malpractice/Negligence)

53. Plaintiff repeats and realleges the foregoing paragraphs of the complaint as if fully set forth herein.

54. Plaintiff and Defendants were parties to an attorney-client relationship.

55. Defendants had a duty to exercise due and reasonable care in providing legal representation to Plaintiff.

56. As described above, Defendants breached their duty of care by, among other things, suing the wrong party, failing to investigate Plaintiff's accident, failing to take discovery, and failing to communicate with Plaintiff in a timely and reasonable manner.

57. As a result of Defendants' negligence, Plaintiff's meritorious and valuable claim for personal injuries against the Board (now the Department) of Education was lost.

58. Defendants' acts and/or omissions were a proximate cause of the loss suffered by Plaintiff.

59. Plaintiff has been damaged in an amount to be proven at trial, but not less than $500,000.

## DEMAND FOR JURY TRIAL

60. Plaintiff demands a trial by jury on all claims and issues so triable.

WHEREFORE, Plaintiff demands judgment as follows:

A. Damages in an amount to be proven at trial, but not less than $500,000;

B. The costs of suit and prejudgment interest; and

C. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 6, 2011

GREENBERG FREEMAN LLP

By: _____
Michael A. Freeman (MF-9600)
110 East 59th Street, 22nd Floor
New York, New York 10022
(212) 838-3121
Attorneys for Plaintiff

10